# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0280
LT Case No. 55-2018-CF-1240-A

_____

ANTHONY BRIAN CONLEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.850 Appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Rachael E. Reese, of Rachael Reese, P.A., Tampa, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

February 13, 2026

PER CURIAM.

Anthony Brian Conley appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm as to all claims except Ground 6.

In Ground 6, Conley argued that he rejected a favorable plea offer because his trial counsel failed to advise him that if he

proceeded to trial and was found guilty, he qualified as a Habitual Violent Felony Offender ("HVFO"), and how the designation would increase his maximum sentence. In denying the claim, the postconviction court attached "hearing notes" indicating, in shorthand form, that the trial court, at a pretrial hearing, reviewed "the max . . . the defendant could receive if found guilty."

We need not decide whether hearing notes can refute this type of claim because, even if they could, the substance of the notes attached to the order in this case does not conclusively refute Conley's claim. *See* Fla. R. Crim. P. 3.850(f)(4).[1] For instance, the notes do not reference any specific sentencing enhancement or indicate the maximum sentence discussed at the hearing.

We therefore reverse the denial of Ground 6 and remand for further proceedings on that claim. We otherwise affirm.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

MAKAR, EISNAUGLE, and HARRIS, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

---

[1] Florida Rule of Criminal Procedure 3.850 has been amended since the postconviction court summarily denied relief in this case. Effective January 1, 2026, the applicable provision has been renumbered as rule 3.850(h)(4).